Curia, per Butlee, J.
In one point of view, the question in this case was left to the jury as a matter of fact. In 1824, John Crosby owed Anna Hughes one hundred and sixty-six dollars, and she, at that time, gave directions to Crosby, by an order produced, to pay that amount to her step-father, the defendant. The question naturally suggests itself, why did Anna Hughes wish money transferred from the hands of her brother-in-law, to those of the defendant. It might have been for safe *134 keeping; or it might have been in payment of a previous demand, 'which she owed the defendant. From that time till 1843, no demand was made on defendant, although several occasions must have occurred requiring settlements. Upon her marriage, it is probable, she communicated to her husband the amount of her demands against others; yet nothing was said about this money. This would favor the presumption that this order was used originally in payment of a debt. But it is said that although it was a question of fact, it was made a question of law, arising out of the Judge’s instructions on the statute of limitations.
The ground taken against the operation of the statute is, that the defendant’s agency involved in it such a trust as to prevent the statute from running in bar of the demand.
As is said by Chancellor Kent, in the case of Kane vs. Bloodgood, 7 Johns. C. R. 111, “the trusts intended not to be reached or affected by the statute, are those technical and continuing trusts, which are not at all cognizable at law.” I take the principle to be, that continuing trusts always imply an acknowledgment of liability. But whenever a demand may be sued for at law, I can see no reason why it should not be subject to the operation of the statute. Every man who receives money to be paid to another, or to be applied to a particular purpose, is, to some extent, a trustee; but when he fails to perform his undertaking, an action at law will immediately lie, and from that time the statute will commence to run. A sheriff or public officer, having funds in his hands, for the custody of another, is not bound to go to the claimant to tender the money, or to account before demand; but may be regarded as having a continuing trust until that time; and therefore the statute cannot run in his favor before demand. But an agent to collect and pay over money, ought to pay it over when he collects it.
The defendant, in the case before the court, had collected from Crosby, in 1835, the money due on the order; and had given him an effectual discharge, leaving the exclusive liability to account for the money thus collected, to rest on himself. From that time he became liable for so much *135 money had and received to the plaintiffs’ use; and could have been sued on the demand. The plaintiffs were not bound to receive a note on Crosby or any one else; they could have claimed the money. This was more than six years before this action was commenced. The agency in the case of Kane vs. Bloodgood, was much more like a subsisting trust than this; for there, it was alleged, and the fact may have been so, that the defendant had collected, and not accounted for, certain dividends of stock belonging to the plaintiff, and which went into defendant’s hands as a factor. It appeared that the dividends had been declared more than six years before the suit; and it was held, that the demand, if even well founded, was-within, and of course was barred by, the statute of limitations.
The cases referred to in the case of Sams vs. Rhett, 2 McM. 171, and in the caso of Thomas vs. Ervin, Chev. 22, afford conclusive authority on this point.
In any view of the case before us, we think the motion for a new trial should be refused,
Richardson, O’Neall, Evans and Wardlaw, JJ. concurred.